```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CLIFTON JERRY LANDRY,           §
                                §
          Petitioner,            §
                                §
v.                              §    CIVIL ACTION NO. H-05-1249
                                §
DOUG DRETKE,                    §
                                §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Clifton Jerry Landry, a prisoner of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a federal petition for a writ of habeas corpus challenging a 50-year sentence pursuant to a 1988 state court conviction for forgery. He argues that the sentence is excessive based on a 1995 amendment to the Texas Criminal Code, which now defines forgery as a state jail felony with a maximum punishment of 180 days.

Landry's claim appears to be time barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes a one-year statute of limitations on habeas challenges to state court convictions. 28 U.S.C. § 2244(d). Landry's conviction was affirmed on October 12, 1989, and his petition for discretionary review was refused on January 17, 1990. Landry v. State, No. 01-88-00950-CR, 1989 WL 119568 (Tex. App. --

Houston [1st Dist.]).  Under federal habeas law his conviction became final on April 17, 1990, and he would have had one year from that date to file a federal habeas petition unless he filed a state habeas petition during that time period.  28 U.S.C. § 2244(d)(1)(A); 28 U.S.C. § 2244(d)(d)(2); Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  Because Landry's conviction was final before the AEDPA was enacted in 1996, he had until April 24, 1997, to file an appropriate action.  Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998).  Landry asserts that he filed a state application for a writ of habeas corpus on November 8, 2004.  Because of its late filing date, the state habeas action did not toll the limitations period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Apart from the issue of timeliness, this court does not have jurisdiction to review the pending habeas action.  Landry has previously filed a habeas petition challenging the same conviction, which is currently pending in the Houston Division.  Landry v. Dretke, No. H-05-00938 (S.D. Tex. filed March 18, 2005).  Landry may not file a successive petition unless he has received authorization from the United States Court of Appeals for the Fifth Circuit.  28 U.S.C. § 2244(b)(3)(A).  If he does so without permission, the petition must be dismissed for lack of jurisdiction.  United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998).

Therefore, the court **ORDERS** that this habeas action is **DISMISSED without prejudice** to seeking approval from the United States Court of Appeals for the Fifth Circuit to proceed in this court. 28 U.S.C. § 2244(b)(3).

The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED.**

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of June, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE